UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYOLO DIMAS, | No. 2:16-cv-2720-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

On November 17, 2017, plaintiff was ordered to show cause why sanctions should not be imposed for his failure to file his motion for summary judgment. ECF No. 17. He was also directed to file his motion for summary judgment by no later than December 20, 2017. *Id*. In response, plaintiff requested the court appoint him counsel and grant him an extension of time to file his motion for summary judgment. ECF No. 18. His request for appointment of counsel was denied, but he was granted until January 29, 2018 to file his motion for summary judgment. On January 25, 2018, plaintiff filed another request for appointment of counsel. ECF No. 20. He has not, however, filed his motion for summary judgment.

As previously explained to plaintiff, 28 U.S.C. § 1915(e)(1) authorizes the appointment of counsel to represent an indigent civil litigant in certain exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir 2004); *Terrell v. Brewer*, 935 F.2d

1015, 1017 (9th Cir.1991); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir.1988).  In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Terrell*, 935 F.2d at 1017.  The court again cannot find that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate his claims amount to exceptional circumstances justifying the appointment of counsel at this time.  Accordingly, plaintiff's renewed request for appointment of counsel (ECF No. 20) is denied without prejudice.

In light of plaintiff's pro se status, the court will grant plaintiff a final extension until February 15, 2018, to file his motion for summary judgment.  The court notes that plaintiff has had all documents necessary to prepare his motion for nearly a year, but has still failed to file his motion.  *See* ECF No. 13.  Accordingly, plaintiff is admonished that should he fail to file his motion for summary judgment by February 15, 2018, this action will be dismissed for failure to prosecute and/or follow court orders.  See Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110.

DATED: February 1, 2018

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE