UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYOLO DIMAS, | No. 2:16-cv-2720-EFB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff, proceeding pro se, filed this action on November 16, 2016, seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.[1] Despite receiving multiple extensions of time to file his motion for summary judgment, to date plaintiff has failed to do so. Instead, plaintiff now seeks a fourth extension of the deadline or, alternatively, appointment of counsel. ECF No. 23. For the reasons provided below, his request is denied and this action is dismissed for failure to prosecute.

/////

---

[1] This case is before the undersigned pursuant to the consent of the parties. ECF Nos. 6, 9; *see* E.D. Cal. L.R. 305; 28 U.S.C. § 636(b)(1).

1

I.     Relevant Legal Standards

Pursuant to Rule 41(b), a district court has discretion to dismiss an action if the plaintiff fails to prosecute his action or to comply with Rules or court orders. Fed. R. Civ. P. 41(b); *See also* E.D. Cal. Local Rules 110, 183(a). A district court must "weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994); *accord, Southwest Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000). Warning a plaintiff that his failure to obey a court order may result in dismissal is considered to be a less drastic alternative sanction. *Malone v. United States Postal Service*, 833 F.2d 128, 132-33 & n.1 (9th Cir. Cal. 1987).

Furthermore, a party's failure to comply with any order or with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. Local Rule 110. The court may dismiss a case with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing pro se plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for pro se plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

II.    Discussion

The court's scheduling order directed plaintiff to file his motion for summary judgment by no later than April 3, 2017. ECF No. 5. He failed to do so and was ordered to show cause why sanctions should not be imposed for violation of that order. However, the court sua sponte granted plaintiff a further opportunity to present his motion. He was directed to file his motion by December 20, 2017. ECF No. 17. He was cautioned that his failure to timely file his motion

/////

could result in dismissal of this action for lack of prosecution and/or failure to comply with court orders. *Id*.

Thereafter, plaintiff requested appointment of counsel and a further extension of time to file his motion for summary judgment. ECF No. 18. His request for an appointment of counsel was denied, but his request for additional time was granted. He was granted until January 29, 2018 to file his motion for summary judgment. ECF No. 19. Days prior to that date, plaintiff filed another request for appointment of counsel. ECF No. 20. He did not, however, file a motion for summary judgment. Plaintiff's second request for appointment of counsel was also denied, but given his pro se status, he was granted until February 15, 2018 to file his motion for summary judgment. ECF No. 21. That order observed that more than a year had passed since plaintiff had been served a copy of the administrative record, but he had still not yet filed his motion. *Id*. Accordingly, plaintiff was specifically warned that failure to file his motion by February 15, 2018 would result in dismissal for failure to prosecute. Again, plaintiff failed to comply with the order.

Instead of filing a motion for summary judgment as ordered, two days before his motion was due plaintiff filed another request for an extension of time. ECF No. 23. He claims he "had an issue with the mail and didn't receive the court documents on time."[2] *Id*. He also claims that there have been "issues finding someone to help [him] with the paperwork," but that he currently has appointments scheduled to local attorneys.[3] *Id*. Alternatively, plaintiff requests appointment of counsel but, like his prior request, he fails to provide any basis for appointment. *Id*.

Although plaintiff has had more than a year to prepare his motion for summary judgment, he has not shown any diligence in attempting to complete his motion. Rather, he has filed multiple requests for extensions of time and/or for appointment of counsel, with each request

---

[2] As already noted, plaintiff has had all documents necessary to prepare his motion for more than a year as defendant served him with a copy of the administrative record on February 17, 2017. *See* ECF No. 14. Accordingly, whatever recent issues plaintiff is experiencing with his mail service are irrelevant to his failure to file his motion.

[3] Plaintiff was apparently unsuccessful in obtaining counsel, as nearly six weeks have passed since he filed his request and no attorney has made an appearance on his behalf.

3

typically filed just days before the deadline for him to file his motion. The result is that this action has been seriously delayed. Furthermore, the court's order denying plaintiff's last request for appointment of counsel made clear that plaintiff was being granted "a final extension" of time to file his motion.[4] ECF No. 21. That order further admonished plaintiff "that should he fail to file his motion for summary judgment by February 15, 2018, this action will be dismissed for failure to prosecute and/or follow court orders." *Id*. Plaintiff disregarded that admonishment and instead sought another extension of time. ECF No. 23.

Plaintiff's instant request indicates that he has put little effort into preparing his motion in spite of several months that were available for him to do so. Thus, it appears unlikely that plaintiff's motion for summary judgment will be forthcoming. This in turn prejudices defendant, who cannot prepare her cross-motion for summary judgment until after plaintiff files his motion. *See* ECF No. 5 (scheduling order). Accordingly, the first three factors weigh in favor of dismissal. *See Adriana Intl. Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990) ("Where a court order is violated, the first two factors support sanctions"); *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"). The fifth factor also weighs in favor of dismissal, given the absence of available less drastic sanctions. On balance of the applicable factors, dismissal is appropriate.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for an extension of time or, alternatively, appointment of counsel (ECF No. 23) is denied.

2. This action is dismissed for failure to prosecute and comply with court orders. *See* Fed. R. Civ. P. 41(b); E.D. Cal. Local Rule 110.

/////

/////

---

[4] This action has been pending for well over a year. Plaintiff has had more than ample time to retain counsel.

4

3. The Clerk is directed to close the case.

DATED: March 29, 2018.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE